IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JULIANNE GIRARD, individually, and as parent and next friend of KAYLA GIRARD, her minor daughter,

        Plaintiffs,

v.

ELI LILLY AND COMPANY, INC.,

        Defendant.

CIVIL ACTION No. 05-CV-02024 (RJL)

**DEFENDANT ELI LILLY AND COMPANY'S**
**ANSWER TO THE COMPLAINT**

Defendant Eli Lilly and Company ("Lilly"), by its undersigned attorneys, answers the Complaint filed in this action as follows:

**FIRST DEFENSE**

Answers to each paragraph of the Complaint by Lilly are made without waiving but expressly reserving all rights that Lilly may have to seek relief by appropriate motions directed to the allegations of the Complaint.

1. Whether the amount in controversy exceeds $75,000 and whether this Court has jurisdiction under 28 U.S.C. § 1332 are legal questions to which no response is required. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 1 of the Complaint.

2. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 2 of the Complaint.

3. In response to the allegations contained in Paragraph 3, Lilly admits that it is a corporation organized and existing under the laws of the State of Indiana. Further responding, Lilly admits to having a principle place of business in the State of Indiana. Except as already stated, Lilly denies the allegations contained in Paragraph 3 of the Complaint.

4. In response to the allegations contained in Paragraph 4 of the Complaint, Lilly states that following Food and Drug Administration ("FDA") approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Lilly responds that the term "DES" includes many drug products including but not limited to diethylstilbestrol, and any admissions in this Answer are intended to refer only to diethylstilbestrol as it relates to Lilly. Lilly further responds that it did sell and distribute diethylstilbestrol in the District of Columbia. Lilly also states that it is doing business in the District of Columbia. Except as already stated, Lilly denies the allegations contained in Paragraph 4 of the Complaint.

5. In response to the allegations contained in Paragraph 5 of the Complaint, Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for prevention of certain accidents of pregnancy as referenced in its product literature. Further answering, Lilly states that in 1971 the FDA required pharmaceutical manufacturers to modify their product literature to list pregnancy as a contraindication to the use of diethylstilbestrol. Except as already stated, Lilly denies the allegations contained in Paragraph 5 of the Complaint.

6. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 6 of the Complaint.

7. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint. To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 7 of the Complaint.

8. In response to the allegations contained in Paragraph 8 of the Complaint, Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol. Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 8 of the Complaint. Except as already stated, Lilly denies the allegations contained in Paragraph 8 of the Complaint.

## COUNT I
**(Negligence)**

Lilly repeats and realleges its answers contained in Paragraphs 1 through 8 above.

9. Lilly denies the allegations contained in Paragraph 9 of the Complaint.

10. Lilly denies the allegations contained in Paragraph 10 of the Complaint.

11. Lilly denies the allegations contained in Paragraph 11 of the Complaint.

12. Lilly denies the allegations contained in Paragraph 12 of the Complaint.

## COUNT II
**(Strict Liability)**

Lilly repeats and realleges its answers contained in Paragraphs 1 through 12 above.

13. Lilly denies the allegations contained in Paragraph 13 of the Complaint.

14. Lilly denies the allegations contained in Paragraph 14 of the Complaint.

15. Lilly denies the allegations contained in Paragraph 15 of the Complaint.

16. Lilly denies the allegations contained in Paragraph 16 of the Complaint.

## COUNT III
**(Breach of Warranty)**

Lilly repeats and realleges its answers contained in Paragraphs 1 through 16 above.

17. In response to the allegations contained in Paragraph 17 of the Complaint, Lilly states that following FDA approval of its Supplemental New Drug Application in 1947, Lilly manufactured and sold certain dosages of diethylstilbestrol for prevention of certain accidents of pregnancy as referenced in its product literature. Except as already stated, Lilly denies the allegations contained in Paragraph 17 of the Complaint.

18. Lilly denies the allegations contained in Paragraph 18 of the Complaint.

19. Lilly denies the allegations contained in Paragraph 19 of the Complaint.

20. Lilly denies the allegations contained in Paragraph 20 of the Complaint.

21. Lilly denies the allegations contained in Paragraph 21 of the Complaint.

22. Lilly denies the allegations contained in Paragraph 22 of the Complaint.

## COUNT IV
**(Negligent Misrepresentation)**

Lilly repeats and realleges its answers contained in Paragraphs 1 through 22 above.

23. Lilly denies the allegations contained in Paragraph 23 of the Complaint.

24. Lilly denies the allegations contained in Paragraph 24 of the Complaint.

25. Lilly denies the allegations contained in Paragraph 25 of the Complaint.

26. Lilly denies the allegations contained in Paragraph 26 of the Complaint.

27. Lilly denies the allegations contained in Paragraph 27 of the Complaint.

28. Lilly denies the allegations contained in Paragraph 28 of the Complaint.

29. Lilly denies the allegations contained in Paragraph 29 of the Complaint.

## COUNT V
**(Parents' Derivative Claim)**

Lilly repeats and realleges its answers contained in Paragraphs 1 through 29 above.

30.     Lilly is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.  To the extent a response is required, however, Lilly denies the allegations contained in Paragraph 30 of the Complaint.

31.     Lilly denies the allegations contained in Paragraph 31 of the Complaint.

## COUNT VI
**(Punitive Damages)**

Lilly repeats and realleges its answers contained in Paragraphs 1 through 31 above.

32.     Lilly denies the allegations contained in Paragraph 32 of the Complaint.

### SECOND DEFENSE

The Complaint fails to state a claim upon which relief can be granted against Lilly.

### THIRD DEFENSE

The Plaintiffs' claims are barred by the applicable statute of limitations or laches.

### FOURTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, the risks complained of by Plaintiffs were not discoverable using prevailing research and scientific techniques under the then-existing state of the art and were not discoverable using procedures required by federal and state regulatory authorities charged with supervision or licensing of the product as of the time Lilly sold or otherwise parted with possession and control of the product in question.

### FIFTH DEFENSE

If Plaintiffs sustained injuries or incurred expenses as alleged, Plaintiffs' claims may be barred by virtue of the intervention of a learned intermediary or intermediaries to whom defendant discharged any duty to warn.

**SIXTH DEFENSE**

This court lacks personal jurisdiction over defendant.

**SEVENTH DEFENSE**

Venue is improper in this judicial district.

**EIGHTH DEFENSE**

Plaintiffs' claims are barred and preempted by Lilly's compliance with the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 301 et seq. and/or the regulations promulgated pursuant to that Act.

**NINTH DEFENSE**

Lilly hereby gives notice that it intends to rely upon other and further defenses as may become available or apparent during discovery proceedings in this case, and hereby reserves the right to amend its Answer to assert any such defense.

**DEMAND FOR JURY TRIAL**

The answering defendant requests a trial by jury.

Respectfully submitted,

ELI LILLY AND COMPANY

/s/ James J. Dillon
James J. Dillon, D.C. Bar # 485593
Foley Hoag LLP
155 Seaport Boulevard
World Trade Center West
Boston, MA 02210-2600
(617) 832-1000

Dated: December 6, 2005