UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

JULIANNE GIRARD, *et al*,

        Plaintiffs,

    v.

ELI LILLY AND COMPANY,

        Defendant.

CIVIL ACTION No. 05-CV-02024 (RJL)

**CONSENT MOTION OF ELI LILLY AND COMPANY
TO TRANSFER ACTION TO THE DISTRICT OF MASSACHUSETTS**

Defendant Eli Lilly and Company ("Lilly") hereby moves to transfer this action, **with the consent of Plaintiffs**, pursuant to 28 U.S.C. § 1404(a), to the District of Massachusetts.

1.    Lilly bases its motion on the fact that the District of Massachusetts is a more convenient forum than the District of Columbia, the action could have originally been brought in the District of Massachusetts, and transfer out of a district with no connection to the Plaintiff's claims is in the best interests of justice. *See* 28 U.S.C. § 1404(a) (permitting transfer to a district or division where the case could have been brought in the first instance); *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 253 (1981) (noting that the district court enjoys wide discretion in deciding whether to transfer an action to a more convenient forum).

2.    The District of Massachusetts is more convenient for the witnesses likely to be deposed or called to testify at trial. Section 1404(a) instructs the district court to consider the convenience of witnesses in deciding whether to transfer an action. *See* 28 U.S.C. § 1404(a). Lilly has reason to believe that many of the potential fact witnesses and other sources of proof are located in the District of Massachusetts. In particular, Plaintiff Julianne Girard alleges that

she was injured *in utero* in Lynn, Massachusetts by exposure to a prescription medication, "DES."  Plaintiff's mother, Mary Goodwin, and father, Ernest Goodwin, currently reside in Lynn, Massachusetts.  The physician that allegedly prescribed DES to Plaintiff's mother, Dr. John Phelan, Jr. practiced in Lynn, Massachusetts.  The pharmacy that allegedly dispensed DES to Plaintiff's mother is alleged to be located in Lynn, Massachusetts.  Further, many of Plaintiff's identified treating physicians are located in the District of Massachusetts:  Dr. Louis Burke, Boston, Massachusetts; Dr. Paul Cusick, Boston, Massachusetts; and Dr. Sabrina Craigo, Boston, Massachusetts.  Plaintiff has also disclosed that she treated with gynecologists at Massachusetts General Hospital in Boston, Massachusetts and Harvard Vanguard in Peabody, Massachusetts.

       3.      Further, this action originally "might have been brought" in the District of Massachusetts.  *See*  28 U.S.C. § 1404(a).  First, the District of Massachusetts has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship.[1]  Defendant Eli Lilly and Company is incorporated and has its principal place of business in Indiana.  Plaintiff resides in and is presumably domiciled in New Hampshire.  Second, Massachusetts' long-arm statute reaches torts the consequences of which occur within the state.  *See* Mass. Gen. Laws ch. 223A, § 3.  Thus, the District of Massachusetts is at least as appropriate a forum as the District of Columbia with respect to subject matter and personal jurisdiction.  Third, venue is proper in the District of Massachusetts because Plaintiff's relevant alleged injuries were diagnosed and treated in Massachusetts; she further alleges that the DES her mother ingested was prescribed, dispensed, and ingested in Massachusetts.  *See* 28 U.S.C.

---

[1] Lilly does not contest the amount in controversy requirement since it does not appear to a legal certainty that Plaintiff cannot recover more than $75,000.  However, Lilly does not concede that the value of Plaintiff's claims in fact exceeds that minimum requirement.

§ 1391(a)(2) (allowing transfer to "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred").

    4.    Finally, the interests of justice support transfer of this action to the District of Massachusetts.  *See Pain v. United Technologies Corp.*, 637 F.2d 775, 782 (D.C. Cir. 1980) (listing public interest factors to consider).  The District of Massachusetts has a strong interest in seeing that the product liability claims of Massachusetts citizens are tried fairly and efficiently.  The applicable law favors the District of Massachusetts because that court is more familiar with the substantive law of the state in which it sits than is the District of Columbia.  *See Moore v. Ronald Hsu Constr. Co.*, 576 A.2d 734, 737 (D.C. 1990) (noting that the District of Columbia's choice of law rules point to the jurisdiction with the "most significant relationship" to the dispute).  Finally, this case has no connection to the District of Columbia except that it was filed here: no witnesses reside here, Plaintiff's alleged exposure to DES did not occur here, and none of Plaintiff's injuries were diagnosed or treated here.  Because this case has no connection to this district, it is equitable to transfer this case out of the District of Columbia.

## CONCLUSION

WHEREFORE, based on the foregoing reasons, Lilly respectfully requests that this Court grant its motion to transfer this case to the District of Massachusetts.

Respectfully submitted

ELI LILLY AND COMPANY,

By its attorneys,

/s/ James J. Dillon
James J. Dillon, D.C. Bar No. 485593
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02110-2600
(617) 832-1000

-and-

Lawrence H. Martin, D.C. Bar No. 476639
FOLEY HOAG LLP
Suite 1200
1747 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 223-1200

Dated:  May 11, 2006

## LOCAL RULE 7.1(M) CERTIFICATION

Pursuant to Local Rule 7.1(m), Defendant Eli Lilly and Company certifies that, through its counsel, it conferred with counsel for Plaintiff and Defendant to determine whether they opposed the relief requested in this motion.  Plaintiff consents to the relief requested.

/s/ James D. Dillon
James J. Dillon